SUBMITTED BY:

Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Grace Bennett (Cal Bar No. 345948)*
grace@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066

*Attorneys for Plaintiffs*

\* Admitted *pro hac vice*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMIE ZUCCARO, CATHERINE MOODY, and ANDREW COHN, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>HOT TOPIC, INC.,<br><br>*Defendant.* | Case No. 3:23-cv-01242-MO<br><br>**Order Granting Plaintiffs' Unopposed Motion for Conditional Class Certification and Preliminary Approval of Class Action Settlement** |

Before the Court is Plaintiffs' Unopposed Motion for Conditional Class Certification and Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"). The Parties have informed the Court that they have mediated the case and reached a Settlement Agreement, which is filed as Exhibit 1 to Plaintiffs' Motion. The Motion is also accompanied by declarations from proposed Class Counsel, the proposed Class Representatives, and the proposed Settlement Administrator.

The Court has reviewed the Motion and its accompanying materials and finds that the factors articulated in Federal Rule of Civil Procedure 23(e) weigh in favor of preliminary approval. Accordingly, after careful review of the record, the Court **GRANTS** Plaintiffs' unopposed motion and **ORDERS** as follows.

1.      __Preliminary Approval of the Proposed Settlement Agreement__. The Settlement Agreement, including its exhibits showing the notice and claim forms needed to effectuate notice, is preliminarily approved as fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that each of the Rule 23(e) factors favor preliminary approval:

- __The proposed Class Representatives and Class Counsel have adequately represented the Class__. The named Plaintiffs have the same interests as absent Class Members, and have worked with proposed Class Counsel to aid the interests of the Settlement Class. And proposed Class Counsel are accomplished litigators with significant experience in class action litigation. Counsel approached settlement negotiations with a firm grasp of the relevant issues and negotiated a meaningful settlement for the Class.

- __The Settlement Agreement was negotiated at arm's length__. The Parties' negotiations were well-informed and non-collusive. The Parties exchanged substantial informal discovery, and attended multiple mediation sessions guided by an experienced mediator. In addition, there is no evidence of any collusion.

- <u>The relief provided for the Class appears adequate, taking into account the factors identified in Rule 23(e)(2)(c)</u>. The Settlement Agreement provides at least approximately $10 million in direct compensation to the more than 1 million Settlement Class Members, and a total of at least approximately $12.5 million in value when funds for settlement administration costs, attorneys' fees and costs, and incentive awards are included. Under the Settlement Agreement, each Class Member will receive $10 in compensation. Class Members who submit a claim form and accompanying proof of purchase indicating that they made a purchase subject to a purported sitewide discount will receive the compensation in cash. All other Class Members will automatically receive the compensation in store credit that can be used to purchase anything on Defendant's website. The store credits received through the Settlement Agreement are transferable, are stackable with any other promotions, and never expire. Defendant sells a variety of commonly purchased items on its website, including clothing, toys, home décor, and accessories. And Defendant sells thousands of items for less than $10—meaning that Settlement Class Members will be able to use their credit without spending any additional money. In short, the credits are flexible vouchers with real value that can be used to purchase a wide array of common products, and can be used without any requirement that Class Members spend more of their own money on Defendant's website. Thus, this is not a "coupon" settlement. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 951 (9th Cir. 2015) (Walmart gift cards were not "coupons" where "the settlement [gave] class members $12 to spend on any item carried on the website of a giant, low-cost retailer. The class member [did not need to] spend any of his or her own money and [could] choose from a large number of potential items to purchase."); *Foos v. Ann, Inc.*, 2013 U.S. Dist. LEXIS 136918, at *6 (S.D. Cal. Sep. 23, 2013) ($15 Ann Taylor vouchers were not coupons because they allowed class members "to obtain $15.00 of free merchandise"); *Cody*

*v. SoulCycle Inc.*, 2017 U.S. Dist. LEXIS 163965, at *19-20 (C.D. Cal. Oct. 3, 2017) (noting that "there is a crucial difference between **coupons** and **vouchers**" and holding that credits for SoulCycle classes are not coupons).

- The Rule 23(e)(2)(c) factors confirm that the relief provided by the Settlement Agreement appears to be adequate. First, continued litigation would present substantial risks. Second, the Settlement Agreement provides for a streamlined method of distributing relief: credit benefits will be provided automatically without Settlement Class Members having to take any affirmative steps. Alternatively, Class Members who can provide proof of purchase showing that they made a purchase subject to a sitewide discount can file a claim form—through the Settlement Website or the mail—to receive their settlement benefit in cash. Third, Class Counsel will seek an award of attorneys' fees and costs of no more than $2 million, which constitutes approximately 16% of the Settlement Agreement's total value to Class Members. This appears reasonable at this stage and is lower than the benchmark 25% regularly awarded in class actions in this Circuit. Plus, Class Members will have time to object to the fee request if they so choose. Class Counsel will file any motion seeking attorneys' fees, costs, and incentive awards at least fifteen days before the deadline for Class Members to object.

- The Settlement Agreement treats Class Members equitably relative to each other. The Settlement Agreement treats Class Members equally. It will provide each Settlement Class Member with $10 in compensation. The Settlement Agreement allows up to $2,500 incentive awards for the named Plaintiffs. These awards, which together represent less than .01% of the total relief provided to Settlement Class Members, appear appropriate given Plaintiffs' diligent service throughout this litigation.

2.    **Conditional Class Certification**. The Court has also determined that it will likely be able to certify the Class for purposes of judgment. The Class consists of:

- All persons who, while a resident of the state of California, purchased one or more products on the Hot Topic Website from March 15, 2019, to Preliminary Approval ("California Settlement Subclass"); and

- All persons who, while a resident of the state of Oregon, purchased one or more products on the Hot Topic Website from August 25, 2022, to Preliminary Approval ("Oregon Settlement Subclass").

And, as discussed below, the Court finds it likely that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied:

- Numerosity. The proposed Settlement Class consists of more than 1 million Class Members. Thus, the proposed Settlement Class is so numerous that joinder of all members is impracticable.

- Commonality. There are multiple common questions of law and fact, including: (1) whether Defendant's advertising of sales and discount prices was false or misleading; (2) whether Defendant made false statements in its advertisements; (3) whether Defendant's advertisements were likely to deceive a reasonable consumer; (4) whether Defendant's statements regarding its pricing were material to Plaintiffs' purchasing decisions; and (5) whether Plaintiffs have suffered damages as a result of Defendant's conduct. *See Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 518 (C.D. Cal. 2015).

- Typicality. Plaintiffs' claims are typical of the Settlement Class because, like all Settlement Class Members, they allege that they purchased products advertised at a purported discount on Defendant's website, and that they relied on the discounts when making their purchases.

And they allege that they, like all Settlement Class Members, did not receive the advertised discounts because Defendant's products were always on sale and so its discounts were fake.

- <u>Adequacy</u>. Courts measure adequacy under Rule 23(a)(4) using the same standard as under Rule 23(e)(2)(A). As explained above, both the Class Representatives and Class Counsel have adequately represented the Settlement Class.

- <u>Predominance</u>. Multiple common questions—like whether Defendant's sales and pricing scheme generated false and deceptive advertisements—predominate here. *See Rael v. Children's Place, Inc.*, 2020 U.S. Dist. LEXIS 13970, at *18-19 (S.D. Cal. Jan. 28, 2020) (explaining, in a discounts case, that "regardless of the volume, price, timing, or location for any [Class Member's] qualifying purchase, all claims will require the Court to analyze whether Defendant's pricing scheme and pattern of discounting prices was lawful.").

- <u>Superiority</u>. A class action is a superior method to adjudicate this dispute. Settlement Class Members' potential individual claims are small and their claims are virtually identical, meaning that pursuing relief in individual actions is untenable and impractical.

3.    **Class Counsel and Class Representatives**. The Court appoints as Settlement Class Counsel, under Federal Rule of Civil Procedure 23(g), the attorneys of Dovel & Luner, LLP. The Court also appoints the named Plaintiffs, Jamie Zuccaro, Catherine Moody, and Andrew Cohn, as Class Representatives for the Settlement Class. The Court also appoints Plaintiff Jamie Zuccaro as Class Representative for the Oregon Subclass and Plaintiffs Catherine Moody and Andrew Cohn as Class Representative for the California Subclass.

4.    **Class Notice Plan**. The proposed Notice Plan is the best notice practicable under the circumstances, is a reasonable manner of notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution, and is therefore approved. The Court finds

that the substance of the proposed notice fully apprises Class Members of their rights. The notice

contains all of the necessary information required to inform Class Members of their rights under the

Settlement Agreement, and also directs them to the Settlement Website where they can obtain more

detailed information.

5.     **Settlement Administrator**. Kroll Settlement Administration LLC is hereby appointed

as the Settlement Administrator to implement the terms of the Settlement Agreement. The Settlement

Administrator is authorized to implement the Notice Plan as outlined in the Motion, including in the

Declaration of Patrick M. Passarella on behalf of Kroll. The Settlement Administrator is directed to

establish the Settlement Website and to issue notice pursuant to the Settlement Agreement.

6.     **Claim Form and Period**. The Court approves of the claims process, including the

substance of the Claim Form, and finds that it provides a straightforward method for Settlement Class

Members to file claims. Settlement Class Members shall have 60 days from the date when notice is first

issued to file a claim for a cash benefit.

7.     **Attorneys' Fees, Costs, and Incentive Awards**. The Court will take up the award of

attorneys' fees, costs, and incentive awards at the Final Approval stage after briefing is complete.

Nothing at this stage suggests that the amount of fees and incentive awards that Class Counsel can

request under the Settlement Agreement are unreasonable.

8.     **Objections and Requests for Exclusion**. The Court approves the procedures for

Settlement Class Members to opt out of, or object to, the proposed settlement as set forth in the

Settlement Agreement. Any such objection or opt-out must be submitted prior to the expiration of the

Objection/Exclusion Deadline, as defined in the Settlement Agreement.

9.     **Final Approval Hearing**. The Court hereby sets a Final Approval Hearing on:

November 5 , 2024 at 10:00 AM at the United States District Court for the District of Oregon, Mark O. Hatfield United States Courthouse, 1000 Southwest Third Avenue, Portland, Oregon 97204-2945.

      **10.**     **Stay of Proceedings**. All proceedings in this Action are stayed pending Final Approval of the settlement, except as may be necessary to effectuate the settlement or comply with its terms.

      **11.**     **Other Provisions**. Pending Final Approval, all Settlement Class Members are prohibited from commencing any action or other proceeding against Defendant (or any Discharged Party) that asserts the same claims regarding Defendant's sales and advertising practices as asserted in this action. If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the Parties will be restored to the status quo ante as set forth in the Settlement Agreement. All orders entered in connection with this settlement, including this Order conditionally certifying the Settlement Class, will become null and void, and the Settlement Agreement will be deemed to be without prejudice to the rights of any Parties, who will be restored to their respective positions as of the date of the Agreement.

      **12.**     **Continued Jurisdiction**. The Court exerts exclusive and continuing jurisdiction over the claims and issues in this litigation and specifically over all aspects related to the proposed settlement.

      **IT IS SO ORDERED.**

Date: July 29, 2024

Hon. Michael W. Mosman
United States District Court Judge