SUBMITTED BY:

Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Grace Bennett (Cal Bar No. 345948)*
grace@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066

*Attorneys for Plaintiffs*

* Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMIE ZUCCARO, CATHERINE MOODY, and ANDREW COHN, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>HOT TOPIC, INC.,<br><br>*Defendant.* | Case No. 3:23-cv-01242-MO<br><br>**Order Granting Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement** |

Before the Court are Plaintiffs, Jamie Zuccaro, Catherine Moody, and Andrew Cohn's, Motions for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Incentive Awards (collectively, "Motions"). The Court held a Final Approval Hearing on November 4, 2024. The Court has reviewed all the foregoing, the record in this case, and the relevant law. Being fully advised, the Court **GRANTS** Plaintiffs' Motions. The Court **ORDERS** and makes the following findings and determinations:

1. The Court has personal jurisdiction over all of the Parties to this Action, including Class Members. And the Court has subject matter jurisdiction over this Action, and all matters related to the Settlement.

2. The Settlement Agreement, Dkt. 24-1 ("Agreement"), is incorporated by reference into this Order and is adopted by the Court.

Approval of Notice and Settlement Administration

3. Direct notice was distributed to Class Members as ordered in this Court's Preliminary Approval Order.

4. The Court finds that Notice was disseminated in a manner that: (a) constituted the best notice practicable under the circumstances; (b) was reasonably calculated to inform all Class Members of this Action, of the terms and effect of this Settlement, of their right to opt out of or object to this Settlement, of the Final Approval Hearing, of Class Counsel's fees and costs request, and of the Class Representatives' request for incentive awards; (c) constituted adequate and sufficient notice to all Class Members; (d) satisfied the requirements of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law. The Court notes that the notice program resulted in near-universal notice to Class Members. Dkt. 29 at 5 (explaining that more than 99% of Class Members received notice). This result shows that the notice plan was well-devised and executed.

5. The notices themselves provided all relevant information concerning the claims, the Settlement's terms and impact, and Class Members' ability to opt out of or object to the Settlement. Agreement, Exs. A, B, C. Plus, in addition to direct notice, the Settlement Administrator established

and ran a Settlement Website that provided additional information to Class Members, including an FAQ page, contact information, and relevant documents. In sum, the Court finds that thorough and effective Notice was successfully administered.

Certification of the Settlement Class

6. Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies the following Class, for settlement purposes only:

- all persons who, while a resident of the state of California, purchased one or more products on the Hot Topic Website from March 15, 2019, to July 29, 2024 ("California Settlement Subclass"); and

- all persons who, while a resident of the state of Oregon, purchased one or more products on the Hot Topic Website from August 25, 2022, to July 29, 2024 ("Oregon Settlement Subclass").

7. This Class is the same as was conditionally certified in the Court's Preliminary Approval Order. The Court again finds that this Settlement Class satisfies the requirements of Rule 23(a) and 23(b)(3).

8. First, the Settlement Class, which consists of almost 1.4 million members, is so numerous that joinder of all Class Members in a single action is impracticable. Next, there are numerous common questions of law and fact, and these common questions predominate over all individual questions. In addition, the claims of the three Class Representatives are typical of the Settlement Class. And the Class Representatives, along with Class Counsel, have no conflicts with Settlement Class Members and have fairly and adequately represented the Class's interests. Finally, because the claims are numerous and low in value, a class action is a superior mechanism for their resolution.

The Settlement Warrants Final Approval

9. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement.

10.     The Settlement was negotiated at arm's length with the aid of an experienced mediator. The Parties participated in multiple mediation sessions and spent months negotiating. Prior to mediation, the Parties exchanged significant information, including detailed financial and sales records from Defendant. Class Counsel represents that it used this information to develop multiple damages models, and that it engaged an expert to assist with a liability analysis. Thus, the Parties approached negotiations with sufficient information to thoroughly evaluate the value of the case and potential agreements.

11.     The Settlement's total value is more than $16 million, including approximately $14 million in direct compensation to Class Members. Under the Agreement, each Class Member will automatically receive a $10 store credit to use on Defendant's website. These credits are flexible: they never expire, can be combined with any other discounts or offers, can be used on any product on Defendant's website, and are freely transferable. They are also meaningful: Defendant's website sells commonly used items, like clothes and toys, and offers thousands of products for less than $10 (the value of the credits provided). Plus, Class Members appear to be loyal repeat customers of Defendant—on average, Class Members placed at least approximately two-and-a-half online orders from Defendant during the Class Period. This suggests that most Class Members will make additional purchases from Defendant in the future, and so will be able to use the credit they will receive from the Settlement towards a purchase they were going to make anyway. And, in any event, under the Settlement, any Class Member who made a purchase subject to a percentage-off sitewide sale could elect to receive $10 in cash instead of store credit. This is an excellent outcome for the Settlement Class and compares very favorably to settlements in similar class actions.

12.     This result is particularly noteworthy given the risks of continued litigation. The Parties vigorously contest liability and damages in this Action, and, without settlement, the Plaintiffs would face numerous obstacles at each stage of litigation. Plus, regardless of Plaintiffs' future success, continued litigation would impose additional expense and delay that could undercut any potential recovery for the Class.

13.     Both the Class Representatives and Class Counsel adequately represented the Class and recommend this Settlement. The Class Representatives actively participated in the Action and provided valuable service to the Class. And Class Counsel arduously negotiated this Settlement. There are no signs of collusion that give the Court pause. As explained below, Class Counsel's fees and costs request is reasonable and well within the bounds of fee awards approved in this Circuit. The Settlement does not include a clear sailing provision—Defendant was entitled to oppose Class Counsel's fee request. And the benefits provided under the Settlement will not revert to Defendant.

14.     Moreover, Class Counsel has substantial experience litigating class actions, including a special expertise in cases alleging deceptive price advertising such as this one. So, Class Counsel's recommendation of this Settlement is entitled to weight.

15.     For these reasons, the Court reaffirms its preliminary appointment of Jamie Zuccaro, Catherine Moody, and Andrew Cohn as Class Representatives, and Dovel & Luner LLP as Class Counsel.

16.     Finally, the reaction of the Settlement Class favors approval. Despite a robust notice program, not a single Class Member objected to the Settlement, and only six Class Members opted out. This is an extremely positive response from a Class of nearly 1.4 million, and it strongly favors final approval.

<u>Approval of Attorneys' Fees, Costs, and Incentive Awards</u>

17.     After considering Class Counsel's Motion for Attorneys' Fees, Costs, and Incentive Awards, Dkt. 26, the Court grants the requested award of $1,987,218.34 in attorneys' fees. The fee award represents approximately 12.5% of the total Settlement value—well below the 25% benchmark generally followed in this Circuit. And the award is justified given the excellent result achieved for the Settlement Class in this case.

18.     The Court recognizes that a lodestar cross-check is not required in this Circuit, and finds that a cross-check is not helpful in circumstances like these where: (1) the request is significantly below the Ninth Circuit's benchmark; (2) a highly beneficial Settlement was reached at a relatively early stage; and (3) this is but one of a series of cases Class Counsel has brought regarding

4

price advertising by e-commerce retailers. In any event, in the Fee Motion, Class Counsel provided its time spent on the case, and this information reveals that a lodestar cross-check would confirm the reasonableness of Class Counsel's fee request under Ninth Circuit precedent.

19.  The Court also finds that the costs incurred by Counsel were reasonable and grants Class Counsel's request for $12,781.66 in cost reimbursements.

20.  The Court also grants the Class Representatives' request for $2,500 incentive awards, for a total of $7,500. These awards are justified given the Class Representatives' active participation in this Action and their service to the Settlement Class.

<u>Release of Claims and Final Judgment</u>

21.  Upon entry of this Order, the claims asserted in this Action, and the Released Claims of each Class Member, are fully, finally, and forever released and discharged by Class Members who did not submit valid requests for exclusion, pursuant to the terms of the Settlement Agreement. Thus, Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Discharged Parties as provided in the Settlement Agreement. The six Class Members who opted out of the Settlement Agreement have not released any claims and will retain all rights against Defendant.

22.  As a result of the Settlement's Final Approval, **Final Judgment** is entered based on the Parties' Settlement Agreement. Accordingly, this action is **DISMISSED WITH PREJUDICE**, with all Parties to bear their own costs and fees except as set forth herein.

23.  Notwithstanding the forgoing, and without affecting the finality of this Order in any way, the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement, and guarantee that its terms and this Order are carried out.

The Clerk is **DIRECTED** to enter this Judgment and close the case.

**IT IS SO ORDERED.**

Date: 31 Oct 2024

Hon. Michael W. Mosman
United States District Court Judge

6